# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

SCHAARON MARTIN,

       Plaintiff,

v.
           **ORDER**
           Criminal File No. 14-8 (MJD/SER)

STATE OF MINNESOTA, and
CITY OF MINNEAPOLIS,

       Defendants.

Schaaron Martin, pro se.

Defendants have not yet answered.

The above-entitled matter comes before the Court upon the Report and

Recommendation of United States Magistrate Judge Steven E. Rau, dated May

30, 2014 [Docket No. 22].  No objections have been filed to that Report and

Recommendation in the time period permitted.

Pursuant to statute, the Court has conducted a <u>de</u> <u>novo</u> review upon the

record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the

Court adopts the Report and Recommendation of United States Magistrate Judge

Rau dated May 30, 2014.

1

Courts hold <u>pro se</u> pleadings like Plaintiff's to a less stringent standard than those drafted by lawyers, and all documents filed <u>pro se</u> must be liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  Nevertheless, "<u>pro se</u> litigants are not excused from complying with substantive and procedural law," and they must comply with court orders.  <u>Senter v. Ross</u>, Civil No. 06-2707, 2007 WL 2362515, at *4 (D. Minn. Aug. 15, 2007) (internal quotation marks omitted) (quoting <u>Brown v. Frey</u>, 806 F.2d 801, 804 (8th Cir. 1986)).

The Court has the inherent authority to sanction a party acting "in bad faith, vexatiously, wantonly, or for oppressive reasons."  <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 33 (1991); <u>see</u> <u>Harlan v. Lewis</u>, 982 F.2d 1255, 1259 (8th Cir. 1993).  Possible sanctions include, but are not limited to, imposition of monetary fines, dismissal of actions, and "other sanctions appropriate for conduct which abuses the judicial process."  <u>Harlan</u>, 982 F.2d at 1259 (citing <u>Chambers</u>, 501 U.S. at 44-45) (internal quotation marks omitted).

Over the course of this matter, Plaintiff has called the chambers of this Court numerous times and has sent many unsolicited email messages to the Court and to several attorneys.  In its May 12, 2014 Order, the Court found

2

Plaintiff's contact with the Court in this manner to be impermissible, and the

Court instructed Plaintiff to cease this practice, and has informed her of the

proper means for filing and expressing her legal arguments to the Court and the

parties to this action.  (<u>See</u> Order, Docket No. 18.)  The Court also warned

Plaintiff that failure to comply with the Order could result in a range of

sanctions.  Plaintiff, however, has failed to comply.  Therefore, the present Order

constitutes Plaintiff's <u>second</u> notice that, should she continue to communicate

with the Court in such an impermissible manner, her actions may result in

imposition of the sanctions described above and in the May 12, 2014 Order.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States
   Magistrate Judge Steven E. Rau dated May 30, 2014 [Docket No. 22];

2. Defendant's Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2]
   is **DENIED**; and

3. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  July 2, 2014                       s/Michael J. Davis

                                           Michael J. Davis
                                           Chief Judge
                                           United States District Court